**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HSBC Bank USA, N.A., as trustee, and its assignee and successor-in-interest, US Bank,<br><br>    Plaintiff,<br><br>vs.<br><br>Juan Aguilar,<br><br>    Defendant. | No. CV-09-2195-PHX-DGC<br><br>**ORDER** |

Plaintiff purchased residential property located in Phoenix at a trustee's sale held on June 10, 2009. Plaintiff thereafter demanded that the occupant, Juan Aguilar, vacate the property. When he failed to do so, Plaintiff filed a forcible entry and detainer action in state court. Aguilar removed the case to this Court. Dkt. #1.

Plaintiff has filed a motion to remand. Dkt. #11. Aguilar has filed a response. Dkt. #12. For reasons that follow, the Court will grant the motion.

**I.   Procedural Defect.**

The procedure for removing an action to federal court is governed by 28 U.S.C. § 1446. That statute provides that the notice of removal must be filed within thirty days after the defendant receives a copy of the complaint. 28 U.S.C. § 1446(b). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (citing *Eyak Native Village v. Exxon*, 25 F.3d 773, 783 (9th Cir. 1994)).

1   Aguilar was served with process on September 2, 2009. Dkt. #11-2. The deadline for
2   filing a notice of removal was therefore October 2, 2009. 28 U.S.C. § 1446(b). Aguilar filed
3   the notice of removal on October 20, 2009, more than two weeks late. *See* Dkt. #1. Plaintiff
4   argues, correctly, that this procedural defect requires that the action be remanded to state
5   court. Dkt. #11 at 3-4; *see Babasa*, 498 F.3d at 975 ("Because LensCrafters filed its notice
6   of removal . . . over thirty days after it first could have ascertained that the case was
7   removable, the district court properly remanded the case to state court.").

**II.     Lack of Subject Matter Jurisdiction.**

Plaintiff further argues that the case must be remanded for lack of subject matter jurisdiction. Dkt. #11 at 4-5. The Court agrees.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case where the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a).

The notice of removal filed by Aguilar provides no basis for federal jurisdiction. *See* Dkt. #1. Aguilar asserts in his response that jurisdiction exists pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (Dkt. #12 at 3), but that statute "does not by itself confer federal subject-matter jurisdiction[.]" *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). "It only creates a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit." *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970).

Aguilar claims that, pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists based on a host of federal statutes. Dkt. #11 at 3. For federal question jurisdiction to exist, the federal right claimed "must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (citations omitted). The sole cause of action asserted in the complaint is a state law claim for forcible entry and detainer.

Dkt. #11-1. Aguilar has not shown that a federal statute is a necessary element of the state claim. Nor has he shown that the state claim is preempted by federal law. The Court therefore concludes that federal question jurisdiction does not exist.

Aguilar contends that diversity jurisdiction exists under 28 U.S.C. § 1332(a). Dkt. #12 at 3-4. The complaint in this case does not demand a dollar amount. Dkt. #11-1. Plaintiff paid only $46,500 for the property at issue. *Id.* ¶ 5. Aguilar asserts that comparable homes were valued at up to $80,000 (Dkt. #12 at 3), but presents no evidence in support of this assertion. Aguilar has not met his "burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Diversity jurisdiction does not exist.

## III. Conclusion.

The removal statute, 28 U.S.C. § 1441(a), is to be strictly construed against removal. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). This "strong presumption" against removal "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Aguilar has failed to meet his burden. The Court will therefore grant the motion to remand.

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Dkt. #11) is **granted**.
2. The Clerk is directed to **remand** this action to state court.

DATED this 4th day of January, 2010.

*/s/ David G. Campbell*
―――――――――――――――――――
David G. Campbell
United States District Judge